[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14553
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20272-FAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ADONYS REYES RODRIGUEZ,
a.k.a. Adoyns Reyes Rodriguez,
a.k.a. Ramon Garcia,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 2, 2012)

Before WILSON, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Adonys Reyes Rodriguez pled guilty to possession of fifteen or more counterfeit or unauthorized devices, in violation of 18 U.S.C. § 1029(a)(3); possession of device-making equipment, in violation of 18 U.S.C. § 1029(a)(4); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Accordingly, he was sentenced to 144 months of imprisonment. He now appeals his sentence, arguing that it was both procedurally and substantively unreasonable. After review, we affirm the district court.

First, Reyes Rodriguez asserts that his 144-month total sentence was procedurally unreasonable because the district court failed to recognize the advisory guideline range as a benchmark and impermissibly varied upward for his recidivism. He also argues that his total sentence was substantively unreasonable, claiming it was arbitrarily imposed and impermissibly weighed his recidivism. Lastly, Reyes Rodriguez contends that the district court improperly directed the government to seek a motion under Federal Rule of Criminal Procedure 35(b).

We review the reasonableness of the district court's sentence under a two-step deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007); *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The first step is to "ensure that the district court committed no significant procedural error such as failing to calculate (or improperly calculating)

2

the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

A district court should begin the sentencing analysis by determining the correct guideline range "[a]s a matter of administration and to secure nationwide consistency." *Id.* at 49, 128 S. Ct. at 596. The district court should also give each party the opportunity to request a specific sentence and then "consider all of the § 3553(a) factors. " *Id.* at 49–50, 128 S. Ct. at 596. Although the district court must consider the § 3553(a) factors, it is not required to discuss each individual factor. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). Furthermore, the district court has the discretion to consider factors that were previously included in the calculation of the advisory guideline ranges. *See United States v. Williams*, 526 F.3d 1312, 1323–24 (11th Cir. 2008) (per curiam). If a district court applies a variance from the guidelines, the "justification for [it] must be sufficiently compelling to support the degree of the variance." *United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc) (quotation omitted), *cert. denied*, 131 S. Ct. 1813 (2011); *see also Gall*, 552 U.S. at 50–51, 128 S. Ct. at 597.

The second step of the inquiry is to consider the sentence's substantive reasonableness by taking into account "the totality of circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. If a sentence "does not achieve the purposes of sentencing stated in § 3553(a)," then it may be substantively unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). However, we "may not presume that a sentence outside the guidelines is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Irey*, 612 F.3d at 1187 (quotation omitted). Furthermore, the amount of weight given to any of the individual § 3553(a) factors "is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted). Under this deferential abuse-of-discretion standard, we will remand for resentencing when "left with the *definite and firm conviction* that the district court committed a *clear error* of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (quotation omitted) (emphases added).

In this case, Reyes Rodriguez's sentence was procedurally reasonable because the district court correctly calculated the advisory guideline range,

4

adequately considered the § 3553(a) factors, and sufficiently explained its rationale for an upward variance. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Although the district court referenced the statutory maximum penalty, it did not use that sentence as a benchmark, as Reyes Rodriguez asserts. Rather, the district court's acknowledgment of the statutory maximum penalty was to indicate that the penalty could have been a reasonable sentence. The district court first considered the advisory guideline range and verified the accuracy of the range with both parties before referencing the statutory maximum penalty. *See Gall*, 552 U.S. at 53, 128 S. Ct. at 598 (finding no procedural error when the district judge first considered the guidelines, then other factors like those under § 3553(a)). Furthermore, the district court's concern in protecting the public from credit card fraud and its desire to deter others from committing similar offenses demonstrate sufficient consideration of the § 3553(a) factors. The district court also adequately explained its reasoning for the upward variance—upon Reyes Rodriguez's release from prison, he immediately committed the same type of crime and therefore needed a stricter sentence for future deterrence. Thus, Reyes Rodriguez's sentence was procedurally sound.

Likewise, Reyes Rodriguez's sentence was substantively reasonable. A sentence can be reasonable even when, as here, the sentence represents a

5

significantly upward variance because the guidelines are "only one of the factors to consider when imposing [a] sentence." *Gall*, 552 U.S. at 59, 128 S. Ct. at 602. In addition to the guidelines, the court considered the statutory maximum, Reyes Rodriguez's immediate recidivism, his cooperation with the government, his forfeiture of fraudulently obtained assets, and other § 3553(a) factors. *See Pugh*, 515 F.3d at 1191–92. Even though it appears that greater emphasis was placed on Reyes Rodriguez's recidivism than other factors, that determination was within the court's discretion. *Clay*, 483 F.3d at 743.[*]

Finally, the district court did not improperly rely on and direct the government to seek a Rule 35(b) motion. Instead, the court offered its view that if Reyes Rodriguez provided additional information to assist the government, then the government could file a sentence-reduction motion. Fed. R. Crim. P. 35(b). The court's suggestion to potentially file a motion is not a direction to file one.

Accordingly, we affirm the district court's sentence.

**AFFIRMED.**

---

[*]Additionally, the court did not impermissibly take Reyes Rodriguez's nationality into account. *See* U.S.S.G. § 5H1.10 (stating that national origin is not relevant to a sentencing determination). Rather, the district court expressed its displeasure with Reyes Rodriguez's justification that everyone from his hometown in Cuba commits credit card fraud when they arrive in the United States. *See Pugh*, 515 F.3d at 1191–92.